**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 26, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20876
Summary Calendar

_____

CURTIS B. ORLOFF,

Plaintiff - Appellant,

versus

SAIPEM, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-4815

_____

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Curtis Orloff, a Louisiana resident, sued Saipem, Inc. ("Saipem Texas"), a Texas subsidiary of an Italian corporation, Saipem S.p.A. ("Saipem Italy") after he was injured while working on a drilling rig in Saudi Arabia. At the time, Orloff was an employee of Halliburton Energy Services, Inc. ("Halliburton"), which had been hired by another Saipem Italy subsidiary, Saudi Arabian Saipem, Ltd. ("Saudi Saipem"), to help drill a well. The rig in question belonged to yet another Saipem Italy subsidiary,

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Saipem Aban Drilling Co. ("Saipem India"), which had bailed it to Saipem Italy, which in turn had bailed it to Saudi Saipem.

Orloff seeks to recover for his injuries beyond Saudi Arabia's workers' compensation provisions and Halliburton's benefits, and asserts that Saipem Texas is liable for the negligent operation of the rig. Yet Saipem Texas' sole connection to the events triggering this lawsuit is that it is owned by Saipem Italy, which also owns the companies that owned and operated the rig.[1] The evidence produced showed only that the people who operated the rig were employees of Saipem Saudi or its contractors (such as Halliburton), so Orloff attempted to collapse all Saipem companies into Saipem Texas and make it responsible for the liabilities of each member of the Saipem family.

Saipem Texas filed a motion to dismiss for failure to state a claim, which the district court converted to a motion for summary judgment because the parties had supplemented the record.[2] The district court then granted the summary judgment motion, finding that Saipem Texas was neither liable to Orloff directly (because it had no connection to the accident) nor indirectly (because a subsidiary is not normally liable for the acts of its parent, much

---

[1] There are actually two more corporate intermediaries between Saipem Italy and Saipem Texas; Saipem Italy owns Saipem International B.V. ("Saipem Int'l"), which owns Sonsub Inc. ("Sonsub"), which holds Saipem Texas. As the district court noted, this is not an unusual corporate biography.

[2] Orloff was permitted five months of discovery, and he appended 200 pages of exhibits to his opposition to Saipem Texas' motion.

less its sister).[3]  Orloff appeals the conversion of Saipem Texas'
motion and the grant of summary judgment.

We find that Orloff had ample opportunity to develop the
record but failed to produce any evidence -- or even articulate any
basis upon which the district court could find -- that Saipem Texas
was somehow responsible for Saipem Saudi's (or Halliburton's)
alleged negligence.  We thus hold that the district court did not
abuse its discretion in  converting the motion to dismiss into one
for summary judgment, and that, for the reasons expressed by the
district court, Saipem Texas is not liable for Orloff's injuries.

Accordingly, the judgment of the district court is

AFFIRMED.

---

[3]The district court also concluded that if personal
jurisdiction attached to Saipem Italy through Saipem Texas, the
Southern District of Texas would be an inconvenient forum.  Because
Orloff did not sue Saipem Italy, however, this question is moot and
we do not review the district court's ruling in this respect.